UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VICTORIA SUE PETRY,**

    **Plaintiff,**

v.                                      Case No: 8:11-CV-1781-27AEP

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on **Plaintiff's Motion and Memorandum to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915** (Dkt. No. 2) and accompanying **Affidavit of Indigency** (Dkt. No. 3).  The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. §1915(a)(1).  The Court's decision to grant *in forma pauperis* status is discretionary and should be granted only to those who are truly indigent. *Larkin v. Astrue*, No. 3:07-cv-01208-J-32TEM, 2008 WL 1744856, at *1 (M.D. Fla. April 11, 2008).

Here, Plaintiff's Affidavit of Indigency reveals that her husband is employed by the City of Tampa as a policeman and earns $4,500 per month. (Dkt. No. 3 at 2-3.)  Plaintiff also states that she received $58,000 over the last year from a "[b]usiness, profession, or other form of self-employment." (Dkt. No. 3 at 3.)  Further, she and her husband own a home and

an automobile. (Dkt. No. 3 at 3.) Although she owes money on these assets, such debt, coupled with her husband's monthly income, certainly does not rise to the level of indigency. As such, the Court finds that Plaintiff does not qualify to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

For the foregoing reasons, it is **RECOMMENDED** that:

(1) Plaintiff's Motion and Memorandum to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915 (Dkt. No. 2) be **DENIED**; and

(2) the Court require Plaintiff to pay the filing fee and all fees associated with this action.

**IT IS SO REPORTED** at Tampa, Florida on this 22nd day of August, 2011.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

2

### NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:

Hon. James D. Whittemore

Counsel of record